| | |
|---|---|
| GONZALO R. RUBANG, JR., | No. 2:19-cv-00153 MCE AC PS |
| Plaintiff, | |
| v. | FINDINGS AND RECOMMENDATIONS |
| HYUNDAI USA, | |
| Defendant. | |

UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

Plaintiff is proceeding in pro se, and the action was accordingly referred to the undersigned for pretrial matters by E.D. Cal. R. ("Local Rule") 302(c)(21). Defendant has moved to dismiss. ECF No. 9. Plaintiff opposes the motion. ECF No. 10. The matter was taken under submission without oral argument, and having reviewed all pleadings, the undersigned recommends that defendant's motion be GRANTED and that this case be dismissed with prejudice for lack of jurisdiction.

**I.   Background**

Plaintiff filed his complaint on January 25, 2019. ECF No. 1. Plaintiff alleges he is a citizen of California. Id. at 3. The sole named defendant is Hyundai USA, which plaintiff alleges maintains its principal place of business in California and is incorporated under the laws of South Korea. Id. at 6. Plaintiff identifies the basis for federal jurisdiction as diversity of citizenship pursuant to 28 U.S.C. § 1332. Id. at 4. Plaintiff alleges that the Hyundai service centers in

1

Vallejo, Fairfield, and Vacaville California gave him "the run around" and failed to solve issues with his car, which excessively burns oil. Id. at 6. Plaintiff alleges he is entitled to damages in the amount of $20,000,000.00 for the defendant's negligence. Id. at 7.

## II.     Motion to Dismiss

Defendant seeks dismissal pursuant to Fed. R. Civ. P. 12(b)(1) for lack of federal jurisdiction, or alternatively pursuant to Fed. R. Civ. P. 12(b)(6), (e), or (f.). ECF No. 9. Because the complaint establishes the absence of federal jurisdiction, which is a threshold matter, only Fed. R. Civ. P. 12(b)(1) is addressed below.

### A.     Standards under Rule 12(b)(1)

Federal Rule of Civil Procedure 12(b)(1) allows a defendant to raise the defense, by motion, that the court lacks jurisdiction over the subject matter of an entire action or of specific claims alleged in the action. "A motion to dismiss for lack of subject matter jurisdiction may either attack the allegations of the complaint or may be made as a 'speaking motion' attacking the existence of subject matter jurisdiction in fact." Thornhill Publ'g Co. v. Gen. Tel. & Elecs. Corp., 594 F.2d 730, 733 (9th Cir. 1979).

When a party brings a facial attack to subject matter jurisdiction, that party contends that the allegations of jurisdiction contained in the complaint are insufficient on their face to demonstrate the existence of jurisdiction. Safe Air for Everyone v. Meyer, 373 F.3d 1035, 1039 (9th Cir. 2004). In a Rule 12(b)(1) motion of this type, the plaintiff is entitled to safeguards similar to those applicable when a Rule 12(b)(6) motion is made. See Sea Vessel Inc. v. Reyes, 23 F.3d 345, 347 (11th Cir. 1994); Osborn v. United States, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). The factual allegations of the complaint are presumed to be true, and the motion is granted only if the plaintiff fails to allege an element necessary for subject matter jurisdiction. Savage v. Glendale Union High Sch. Dist. No. 205, 343 F.3d 1036, 1039 n. 1 (9th Cir. 2003); Miranda v. Reno, 238 F.3d 1156, 1157 n. 1 (9th Cir. 2001). Nonetheless, district courts "may review evidence beyond the complaint without converting the motion to dismiss into a motion for summary judgment" when resolving a facial attack. Safe Air for Everyone, 373 F.3d at 1039.

////

When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction, no presumption of truthfulness attaches to the plaintiff's allegations. Thornhill Publ'g Co., 594 F.2d at 733. "[T]he district court is not restricted to the face of the pleadings, but may review any evidence, such as affidavits and testimony, to resolve factual disputes concerning the existence of jurisdiction." McCarthy v. United States, 850 F.2d 558, 560 (9th Cir. 1988). When a Rule 12(b)(1) motion attacks the existence of subject matter jurisdiction in fact, plaintiff has the burden of establishing that such jurisdiction does in fact exist. Thornhill Publ'g Co., 594 F.2d at 733.

B. This Case Cannot Proceed Because There is no Basis for Federal Jurisdiction

This court may not consider plaintiff's complaint because it contains no federal claims and the parties are not diverse. Jurisdiction is a threshold inquiry that must precede the adjudication of any case before the district court. Morongo Band of Mission Indians v. Cal. State Bd. of Equalization, 858 F.2d 1376, 1380 (9th Cir. 1988). Federal courts are courts of limited jurisdiction and may adjudicate only those cases authorized by federal law. Kokkonen v. Guardian Life Ins. Co., 511 U.S. 375, 377 (1994); Willy v. Coastal Corp., 503 U.S. 131, 136-37 (1992). "Federal courts are presumed to lack jurisdiction, 'unless the contrary appears affirmatively from the record.'" Casey v. Lewis, 4 F.3d 1516, 1519 (9th Cir. 1993) (quoting Bender v. Williamsport Area Sch. Dist., 475 U.S. 534, 546 (1986)).

Here, the complaint asserts subject matter jurisdiction pursuant to 28 U.S.C. § 1332. ECF No. 1 at 4. That statute provides that district courts have diversity jurisdiction over "all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs," and the action is between: "(1) citizens of different States; (2) citizens of a State and citizens or subjects of a foreign state; (3) citizens of different States and in which citizens or subjects of a foreign state are additional parties; and (4) a foreign state...as plaintiff and citizens of a State or of different States." "Diversity jurisdiction requires complete diversity between the parties-each defendant must be a citizen of a different state from each plaintiff." In re Digimarc Corp. Derivative Litigation, 549 F.3d 1223, 1234 (9th Cir. 2008).

Plaintiff's complaint clearly establishes that there is no basis for diversity jurisdiction here. The complaint specifically alleges the corporate defendant maintains its principal place of

business in California. ECF No. 1 at 6. A corporation is "a citizen of any State in which it has been incorporated and of the State where it has its principal place of business." 28 U.S.C. § 1332(c)(1). A corporation's "principal place of business is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities" and is typically "the place where the corporation maintains its headquarters...." Hertz Corp. v. Friend, 559 U.S. 77, 92-93 (2010). Based on the facts alleged in plaintiff's complaint, plaintiff and defendant are citizens of the same state; there is thus no diversity jurisdiction. Plaintiff's opposition to defendant's motion does not address jurisdiction at all; instead, plaintiff requests that the court "invite an independent service center to do miniatous service to my Hyundai Accent model 2016." ECF No. 10 at 1. The court cannot consider such a request. Indeed, the court can take no action whatsoever in this case because there is no basis for federal jurisdiction.

### III. Conclusion

Based on the foregoing, IT IS HEREBY RECOMMENDED that defendant's motion to dismiss (ECF No. 9) be GRANTED and this case be DISMISSED with prejudice for lack of federal subject matter jurisdiction.

These findings and recommendations are submitted to the United States District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty-one (21) days after being served with these findings and recommendations any party may file written objections with the court. Such document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Local Rule 304(d). Failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: March 21, 2019

_____
ALLISON CLAIRE
UNITED STATES MAGISTRATE JUDGE

4